MARSHALL D. CHINEN, #2682-0
#300, 550 Halekauwila Street
Honolulu, Hawaii 96813
Telephone No. 585-0888
(No E-mail address)

Attorney for Plaintiff
DONALD TIPALDI

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| Case No. 06-00898 (Chapter 7) | ) |
|---|---|
| In re | ) |
| JAMES WILLIAM LULL | ) |
| _____ | ) |
| | ) ADV. NO 07-0023 |
| DONALD TIPALDI | ) |
| | ) FINDINGS OF FACT AND |
| Plaintiff, | ) CONCLUSIONS OF LAW |
| vs. | ) |
| JAMES WILLIAM LULL, | ) |
| | ) |
| Defendant. | ) DATE: NOVEMBER 29, 2007 |
| | ) TIME: 10:00 A.M. |
| | ) JUDGE: LLOYD KING |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the Honorable LLOYD KING, on November 29, 2007 on Plaintiff Donald Tipaldi's Motion For Default Judgment. Present were Donald Tipaldi (hereinafter Tipaldi) and Marshall D. Chinen, attorney for Tipaldi. On June 29, 2007 Defendant James William Lull (hereinafter Lull) filed a "Debtor's Notice of Intent Not To Appear or Defend"; Lull did not appear for the subject Motion. The Court having examined the proof presented, being the testimony and Exhibits of Tipaldi and being fully advised of the record herein, makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Court has jurisdiction of the parties and the subject matter herein.

2. Tipaldi's Exhibits 1-33 were admitted into evidence and establish that Tipaldi loaned to Lull the following sums:

| | | |
|---|---|---|
| Exhibit 1  | 2/20/04  | $112,750.00 |
| Exhibit 2  | 5/6/04   | 25,000.00 |
| Exhibit 3  | 5/6/04   | 125,000.00 |
| Exhibit 4  | 6/4/04   | 40,000.00 |
| Exhibit 5  | 6/4/04   | 53,000.00 |
| Exhibit 6  | 6/4/04   | 32,000.00 |
| Exhibit 7  | 6/17/04  | 40,000.00 |
| Exhibit 8  | 6/22/04  | 75,000.00 |
| Exhibit 9  | 7/14/04  | 112,500.00 |
| Exhibit 10 | 10/14/04 | 70,000.00 |
| Exhibit 11 | 1/27/05  | 50,000.00 |
| Exhibit 12 | 1/27/05  | 50,000.00 |
| Exhibit 13 | 3/10/05  | 450.00 |
| Exhibit 14 | 3/23/02  | 55,000.00 |
| Exhibit 15 | 3/23/05  | 30,000.00 |
| Exhibit 16 | 6/3/05   | 152,000.00 |
| Exhibit 17 | 6/15/05  | 100,000.00 |
| Exhibit 18 | 7/7/05   | 170,000.00 |
| Exhibit 19 | 7/26/05  | 128,000.00 |
| Exhibit 20 | 8/5/05   | 95,000.00 |
| Exhibit 21 | 8/8/05   | 150,000.00 |
| Exhibit 22 | 9/26/05  | 50,000.00 |
| Exhibit 23 | 10/4/05  | 150,000.00 |
| Exhibit 24 | 11/1/05  | 100,000.00 |
| Exhibit 25 | 11/15/05 | 120,000.00 |
| Exhibit 26 | 12/7/05  | 80,000.00 |
| Exhibit 27 |          | 50,000.00 |
| Exhibit 28 | 1/12/06  | 100,000.00 |
| Exhibit 29 | 2/27/06  | 100,000.00 |

2

U.S. Bankruptcy Court - Hawaii   #07-90023   Dkt # 30   Filed  01/04/08   Page 2 of 5

| | | |
|---|---|---|
| Exhibit 30 | 2/27/06 | 125,000.00 |
| Exhibit 31 | 3/8/06 | 100,000.00 |
| Exhibit 32 | 4/25/06 | 145,000.00 |
| Exhibit 33 | 1/19/05 | 225,000.00 |

3. Tipaldi orally moved to conform his claim against Lull to Three Million Eleven Thousand Two Hundred Dollars ($3,011,200.00) to conform to the evidence presented.

4. Each of the foregoing transactions between Tipaldi and Lull followed a general pattern:

    A. Tipaldi would meet Lull at Lull's U.S. Financial offices where Lull was a Regional and Branch manager; as a result of Lull's position with U.S. Financial and his extensive knowledge of the lending industry, Tipaldi trusted Lull.

    B. At Lull's aforesaid office, Lull would show Tipaldi U.S. Financial loan application files and inform Tipaldi that these applications could not be processed by U.S. Financial in their current status.

    C. Lull would then make the offer to Tipaldi, that if Tipaldi would make a short term loan to these persons they would then qualify for a U.S. Financial loan and he would be repaid his short term loan at a profit.

    D. When the short term loans were due and payable to Tipaldi Lull would inform Tipaldi that these persons required longer term loans but had sufficient equity in real property to fully secure the repayment of any loans made to them and would inform Tipaldi that if he made these loans he would be fully secured.

    E. On other applications Lull would initially inform Tipaldi that these persons required longer term loans but had sufficient equity in real property to fully secure the repayment of any loans made to them and would inform Tipaldi that if he made these loans he would be fully secured.

    F. Based on the aforesaid representations of Lull Tipaldi made the loans evidenced by Exhibits 1-33 herein and was informed by Lull that he would be fully secured and that the documentation for the security of said loans was being worked on.

3

G. On several occasions Lull and Tipaldi would walk into the offices of the U.S. Financial in-house attorney and in Tipaldi's presence, Lull would instruct the attorney to prepare the required security documentation; however, Lull would always delay the finalizing of the security documentation intended for Tipaldi.

F. Unbeknowst to Tipaldi Lull was using a similar scheme with other investors, offering them security in the same real property which Lull was telling Tipaldi would be used to secure any loans made by Tipaldi.

G. Tipaldi never received his promised security for the loans he made through Lull.

H. In early 2006 when Tipaldi pressed for some repayment, Lull wrote Tipaldi a $300,000.00 check which was dishonored.

5. Any Finding of Fact which is a Conclusion of Law shall be deemed and considered as a Conclusion of Law. Any Conclusion of law which is a Finding of Fact shall be deemed and considered as a Finding of Fact.

## CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction and personal jurisdiction over the parties. Venue is proper.

2. Tipaldi's Oral Motion to Amend his claim against Lull to Three Million Eleven Thousand Two Hundred Dollars ($3,011,200.00) to conform to the evidence presented is granted.

3. The above-described actions of Lull induced Tipaldi to loan Lull each of the above-identified amounts, totaling $3,011,200.00; said $3,011,200.00 is a debt owed by Lull to Tipaldi which was incurred by false representations of Luall and said $3,011,200.00 is therefore non dischargeable pursuant to 11USC Sec. 523(a)(2)(A).

4. The above-described actions of Lull are a form of larceny and the debt owed by Lull to Tipaldi of $3,011,200.00 is therefore non-dischargeable pursuant to 11 USC Sec. 523 (a)(4).

5. The above-described actions of Lull were done with the

4

U.S. Bankruptcy Court - Hawaii  #07-90023  Dkt # 30  Filed 01/04/08  Page 4 of 5

intent to defraud Tipaldi and to keep said money thereby constituting a wilful and malicious injury to the property of Tipaldi and the debt owed by Lull to Tipaldi of $3,011,200.00 is therefore non-dischargeable pursuant to 11 USC Sec. 523(a)(6).

DATED: Honolulu, Hawaii, _____ JAN 0 4 2008

_____
UNITED STATES BANKRUPTCY JUDGE

---

Findings of Fact and Conclusions of Law, **TIPALDI vs LULL,** ADV NO. 07-0023, United States Bankruptcy Court, District of Hawaii, page 2.